FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ OCT 15 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CASE NO.:

**CV10 - 4733**

AMY HART SEILER,

Plaintiff(s),

COGAN, J.

-against-

GLOBAL CREDIT & COLLECTION CORP.

Defendant(s).

---

**CLASS ACTION
COMPLAINT**

---

*LAW OFFICES OF ALLISON POLESKY, P.C.*
*511 Avenue of the Americas, Suite 712*
*New York, New York 10011*
*Phone:    (866) 479-9500*
*Facsimile: (866) 688-4300*

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

AMY HART SEILER

                      Plaintiff,

        -against-

GLOBAL CREDIT & COLLECTION CORP.,

                   Defendant.
-----------------------------------------------------------------X

Civil Action No.:

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff AMY HART SEILER ("Plaintiff"), by and through its attorneys, Law Offices of Allison Polesky, P.C., as and for its Complaint against the Defendant GLOBAL CREDIT & COLLECTION CORP. ("GLOBAL") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action on his/her own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.    Plaintiff is a resident of the State of New York, residing at 1162 Simpson Street, Apt. 1, Bronx, NY 10459.

3.    Defendant GLOBAL CREDIT & COLLECTION CORP. is a New York corporation engaged in business of collecting debts with its principal place of business located at 300 International Drive, PMB # 10015, Williamsville, NY 14221.

4.    GLOBAL is a debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7.      Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself/herself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class").  Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of GLOBAL.

8.      This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9.      The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from the Defendant which violates various provisions of the FDCPA.

10.     The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

11.     There are questions of law and fact which are common to the Class and which

predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

14.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17.     Plaintiff will fairly and adequately represent the Class members' interests in that

the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

18.     Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

19.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21.     On information and belief, on a date better known to the Defendant, Capital One, LLC ("CAPITAL ONE") retained the Defendant to begin collecting an alleged consumer debt from the Plaintiff.

22.     On information and belief, on a date better known to the Defendant, Defendant began collecting an alleged consumer debt from the Plaintiff.

23.     On or about November 2, 2009 the Defendant, through its agent Mr. Riebel, sent the Plaintiff a collection letter ("NOVEMBER LETTER") demanding payment in regards to an alleged debt with Capital One.

24.     The November Letter is a mass-produced computer generated communication.

25.     The November Letter to the Plaintiff further states: "I must advise you that your account has met the criteria for possible legal action by CAPITAL ONE, LLC."

26.     The November Letter to the Plaintiff further states: "To avoid potentially being sued and possibly save money resulting from attorney fees, court costs or collection fees, contact our office at the toll free number provided below."

27.     The November Letter to the Plaintiff further states: "As soon as we receive your payment in full on the above-noted account all collection activity will be stopped."

28.     The Defendant violated 15 USC §1692d by sending the November Letter where the Defendant threatened "I must advise you that your account has met the criteria for possible legal action by CAPITAL ONE, LLC." and used intimidating language to "To avoid potentially being sued and possibly save money resulting from attorney fees, court costs or collection fees, contact our office at the toll free number provided below." with the natural consequence of harassing, abusing, and intimidating the Plaintiff into paying the Defendant in full.

29.     The Defendant violated 15 USC §1692e, (2)(A), and (10) by being deceptive and misleading in stating in the November Letter "I must advise you that your account has met the criteria for possible legal action by CAPITAL ONE, LLC" without stating the criteria used by Capital One and the Defendant to determine which accounts do or do not get pursued with legal action or how soon the Defendant and Capital One intend to begin suit if the debt remains unpaid.

30.     The Defendant further violated 15 USC §1692e, (2)(A), and (10) by being deceptive and misleading in stating in the November Letter that "As soon as we receive your payment in full on the above-noted account all collection activity will be stopped." without

stating a time frame on how long Plaintiff and class members have to pay or explanation of what "all collection activity will be stopped" will mean for the Plaintiff.

31.     The Defendant's November Letter violated 15 USC §1692e, (2)(A), (4), and (10) and§1692f –preface by being deceptive in stating "To avoid potentially being sued and possibly save money resulting from attorney fees, court costs or collection fees, contact our office at the toll free number provided below" which falsely misleads the Plaintiff and class members into believing that non-payment of the alleged debt in full to the Defendant will result in the Plaintiffs being held liable for "attorney fees, court costs or collection fees" where a court of law has not entered a judgment on the alleged debt nor do the Defendants intend to take such action.

32.     The Defendant's November Letter violated 15 USC §1692e, (2)(A), (5), and (10) and§1692f –preface by stating "I must advise you that your account has met the criteria for possible legal action by CAPITAL ONE, LLC. To avoid potentially being sued and possibly save money resulting from attorney fees, court costs or collection fees, contact our office at the toll free number provided below." which suggests to the Plaintiff and class members that the non-attorney Defendant can institute legal action against the Plaintiff if the debt is not paid in full where the non-attorney Defendant lacks the authority or intention to do so.

33.     The November Letter further violated 15 USC §1692e, (9), and (10) by misleading the Plaintiffs and class members into the false impression that Riebel is the source of authority in deciding whether the Plaintiffs account meets Capital One's criteria for suit while the Defendant's use of a mass-produced computer generated communication indicates that no individual is involved in deciding if the criteria for suit has been met, giving the Plaintiffs the false and deceptive implication that Riebel or Global is the source of authority for suit when they are not.

34.     Therefore due to the Defendant's gross violations of the FDCPA the Plaintiff and the Class have been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

35.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "36" herein with the same force and effect as if the same were set forth at length herein.

36.     Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

a.      15 USC §1692d-preface

b.      15 USC §1692e-preface, (2)(A), (4), (5), (9), (10).

c.      15 USC §1692f-preface.

37.     As a result of defendant's violations of the FDCPA, Plaintiff and class members have been damaged and are entitled to damages in accordance with the FDCPA.

## SECOND CLAIM FOR RELIEF
### (Violations of NYS Gen. Bus. Law §349)

38.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

39.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

a.      The Defendant violated NYS Gen. Bus. Law §349(a).

40.     As a result of Defendant's above violations of the New York General Business Law, the Plaintiff and the Class have been damaged and are entitled to damages in accordance

with the New York General Business Law.

## DEMAND FOR TRIAL BY JURY

41.     Plaintiff demands a hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff AMY HART SEILER demands judgment from the Defendant GLOBAL CREDIT & COLLECTION CORP. as follows:

A.     For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B.     For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C.     For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D.     For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E.     A declaration that the Defendant's practices violated the FDCPA; and,

F.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff AMY HART SEILER hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

Dated:          New York, New York
                October 14, 2010

                Respectfully submitted,

                By: _____
                Allison D. Polesky, Esq. (5446)
                LAW OFFICES OF ALLISON POLESKY, P.C.

511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone:     (866) 479-9500
Facsimile: (866) 688-4300

*Attorney for the Plaintiff AMY HART SEILER*

To:     GLOBAL CREDIT & COLLECTION CORP.
        300 International Drive
        PMB # 10015
        Williamsville, NY 14221
        *(Via Prescribed Service)*

        Clerk,
        United States District Court, Eastern of New York
        *(For Filing Purposes)*